**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO. 14-12770** |
| **800 BOURBON STREET, LLC** | **SECTION "A"** |
| **DEBTOR** | **CHAPTER 11** |

| | |
|---|---|
| **800 BOURBON STREET, LLC** | |
|     **PLAINTIFF** | |
| v. | **ADV. NO. 15-01052** |
| **BAYBRIDGE BUILDING LIMITED COMPANY, LLC** | |
|     **DEFENDANT** | |

**MOTION FOR SUMMARY JUDGMENT
WITH INCORPORATED MEMORANDUM AND
STATEMENT OF UNCONTESTED MATERIAL FACTS**

**NOW INTO COURT**, through undersigned counsel, comes 800 Bourbon, LLC ("Plaintiff"), debtor in possession in bankruptcy case number 14-12770 (the "800 Bourbon Chapter 11 Case") and submits this Motion for Summary Judgment, with incorporated Memorandum in Support and Statement of Uncontested Facts.

**I.    JURISDICTION**

1.    This Court has jurisdiction over this Chapter 11 case, and the parties and property affected hereby, pursuant to 28 U.S.C. §1334. This Court also has jurisdiction over the subject matter of this Motion pursuant to the *Order* ("***Confirmation Order***") (**Docket No. 240**) *Confirming the Second Amended Joint Plan of Reorganization* (**Docket Nos. 170, 229, and 232**) (collectively, the "***Plan***").

## II. FACTUAL BACKGROUND AND STATEMENT OF UNCONTESTED FACTS

2. The Baybridge Claim is based upon a series of four (4) alleged promissory notes signed by Johnny Chisholm on behalf of 800 Bourbon from April, 2005, to May, 2006, which were allegedly in the following amounts: $1,200,000, $200,000, $110,000, and $90,000. Each of the notes was personally guaranteed by Johnny Chisholm. R. Doc. 9, ¶ 4.

3. In connection with the promissory note executed on April 21, 2005, Johnny Chisholm allegedly executed a mortgage purportedly on behalf of 800 Bourbon bearing that same date (the "2005 Mortgage"), securing the indebtedness evidenced by the note. R. Doc. 9, ¶ 5. The property covered by the 2005 Mortgage allegedly included the immovable property located at 800 Bourbon Street, New Orleans, Louisiana, which is the location of the Debtor's night club business (the "800 Bourbon Property"). *Id.*

4. On June 11, 2008, 800 Bourbon filed a petition for bankruptcy in this Court. The Debtor proposed a Plan of Reorganization (the "2009 Plan"), which, as ultimately amended, proposed to treat the Baybridge claim as follows:

> 5.02 Class 2 — Claim of Bay Bridge Building Limited Company:
>
> The only claimant herein is Bay Bridge Building Limited Company (Bay Bridge), an under-secured creditor, whose lien and claim pursuant to this plan shall be junior in rank to Class 1 claimant.
>
> Bay Bridge is the holder and possessor of a Collateral Mortgage and Collateral Mortgage Note in the amount of $2,000,000.00, dated April 21, 2005, payable to the order of Bearer, which note bears an interest rate of Prime Plus 1%, payable on demand, duly executed by Debtor and John L. Chisholm, Jr., as guarantor. Said Collateral Mortgage was recorded in the Parish of Orleans on April 27, 2005, Instrument Number 815133.
>
> Pursuant to a Proof of Claim filed by Bay Bridge on June 24, 2008, it filed a secured claim of $1,360,571.01.
>
> The Collateral Mortgage secures a loan in the principal amount of $1.2 million by Bay Bridge in April, 2005, a loan in the amount of $110,000 by

Bay Bridge in May, 2006, and loan in the amount of $90,000 by Bay Bridge in June, 2006. The loan proceeds were received by Chisholm Properties Circuit Events, LLC, not by the Debtor. The loans are evidenced by the following Promissory Notes (hand notes) payable to Bay Bridge and signed by the Debtor and Johnny Chisholm as guarantor: i) a Promissory Note in the amount of $1.2 million dated April, 2005, payable in three installments, with the first installment due June 15, 2006; ii) a Promissory Note in the sum of $200,000 dated May 31, 2005 and payable on June 15, 2005; iii) a Promissory Note in the sum of $110,000 and payable on June 15, 2006; iv) a Promissory Note in the sum of $90,000 dated and payable on May 31, 2006.

Pre-petition, payments and credits toward the Bay Bridge loan total $314,931.26. Such payments were made by Johnny Chisholm or Chisholm Properties Circuit Events, LLC, not by the Debtor.

Based on its analysis of the loan, the Debtor believes the amount reflected in the Proof of Claim filed by Bay Bridge is correct.

Post-petition, Chisholm Properties Circuit Events, LLC has made payments to Bay Bridge from revenues.

Treatment: Guarantor, John L. Chisholm, Jr., and Chisholm Properties Circuit Events, LLC, assume full payment of all obligations of the Debtor to this Class Claimant, whether it be the Collateral Mortgage Note or other Promissory Notes executed by Debtor and Guarantor, which may or may not be identified with the Collateral Mortgage and Note.

To the extent this Class Claimant has an allowed secured claim, the Collateral Mortgage, Collateral Mortgage Note, Hand Note, and/or auxiliary Promissory Notes, properly paraphed, shall remain as collateral security, but "in rem" only. Amended collateral security documents and notes will be prepared, executed and recorded in the Parish of Orleans if requested by this Class Claimant.

Bay Bridge shall not be entitled to receive any payments from the Debtor/Reorganized Debtor or the Bankruptcy Estate, for any hand notes signed by the Debtor. The terms and conditions of the agreement between Bay Bridge, the Debtor, John Chisholm, and Chisholm Properties are outlined in the letter attached to Debtor's Disclosure Statement as Exhibit "C".

The Debtor has reviewed financial information from Chisholm Properties, including an unaudited Profit and Loss Statement for January through April, 2009, reflecting net income of $266,747.11 for that period of time, and based on such review believes Chisholm Properties has sufficient cash

>flow to satisfy the obligations to Bay Bridge that are being assumed by
John L. Chisholm, Jr. and Chisholm Properties.

R. Doc. 9, ¶6.

5. On May 20, 2009, and in connection with the bankruptcy case, Baybridge sent a letter to 800 Bourbon through its bankruptcy counsel whereby it agreed to release 800 Bourbon from its obligations under the Promissory Notes. R. Doc. 9, ¶7. As set forth in the letter, those obligations were assumed by Johnny Chisholm and Chisholm Properties Circuit Events, LLC. *Id.*

6. The ledger submitted by Baybridge reflects that, following the confirmation of the plan in July 2009, Johnny Chisholm and Chisholm Properties Circuit Events, LLC failed to make payments of the indebtedness. R. Doc. 9, ¶9. They made sporadic payments of interest only from September, 2011 through March, 2014. R. Doc. 9, ¶9.

7. Upon the filing of the Debtors' bankruptcy cases in October, 2014, the Debtors believed that Baybridge had no claim against the Debtors' bankruptcy estates. 800 Bourbon's Schedule F classified Baybridge as a nonpriority unsecured claimant with a claim of $0.00. Bankr. Case no. 14-12770, R. Doc. 32.

8. Not only did Baybridge fail to respond to or controvert its status as an unsecured creditor with no claim, but Baybridge thereafter failed to reinscribe its mortgage. The 2005 Mortgage was recorded on April 29, 2005, and therefore its effect lapsed on April 29, 2015. *See* Baybridge Proof of Claim[1], Bankr. Case no. 14-12770, claim no. 5-1, p. 12. Failure to timely reinscribe a mortgage renders the original inscription invalid. *See F.D.I.C. v. McFarland*, 243 F.3d 876, 885 (5th Cir. 2001).

9. The Debtor's Plan was confirmed by order entered on August 3, 2015 (Doc. 240).

---

[1] The Baybridge P.O.C. is attached hereto as Exhibit A.

4

Under the Plan, the Debtor reserved the right to seek avoidance of the Baybridge lien for the benefit of the estate. The Plaintiff, as debtor in possession in the 800 Bourbon Chapter 11 Case, possesses the powers of a trustee including the authority to avoid liens pursuant to Section 544(a) of the Bankruptcy Code. *See* Confirmation Order, (Doc. No. 240); 11 U.S.C. §§ 544, 1109.

10. Baybridge untimely reinscribed its mortgage on or about July 23, 2015. *See* Notice of Reinscription dated July 23, 2015, attached Exhibit B.

### III. ARGUMENT

#### A. Summary Judgment Standard

11. A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). When a party seeking summary judgment bears the burden of proof at trial, as does the trustee in an avoidance action, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548 (1986). Once the movant produces such evidence, the burden shift to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. Here, the uncontested facts set forth hereinabove prove that the Plaintiff is entitled to avoidance of the Baybridge mortgage, and no genuine issues of material fact exist.

#### B. Avoidance of Lien Pursuant to 11 U.S.C. §544(a).

12. There is no genuine issue of material fact that the alleged lien of Baybridge is inferior to and avoidable by the trustee pursuant to Section 544(a) of Titled 11 of the United States Code (the "**Bankruptcy Code**").

Section 544(a) of the Bankruptcy Code states:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Section 1107(a) of the Bankruptcy Code provides:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106 (a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

13. Under the public records doctrine in Louisiana, third parties are only required to look at the public records to determine what interests and claims affect immovable property. *See* In re *de la Vergne*, 156 B.R. 773, 776 (Bankr. E.D. La. 1993). The procedures for properly recording such interests and maintaining such interests are set forth in Title XXII of Book 3 of the Louisiana Civil Code. In particular, article 3365 of the Civil Code states that "[a] notice of reinscription that is recorded after the effect of recordation of the instrument sought to be reinscribed has ceased, again produces the effects of recordation, but only from the time that the notice of reinscription is recorded." Thus, under Louisiana law, untimely reinscription renders

6

the initial inscription of the mortgage ineffective against third parties. *See F.D.I.C. v. McFarland*, 243 F.3d 876, 885 (5th Cir. 2001).

14. Baybridge failed to timely reinscribe the 2005 Mortgage as required by Louisiana law. Bayrbidge allowed the ten-year period for recordation to expire, and then untimely re-recorded its mortgage on or about July 23, 2015. *See* Exhibit B. The 2005 Mortgage is therefore not valid against third parties (such as a hypothetical lien creditor or bona fide purchaser for value). *See F.D.I.C. v. McFarland*, 243 F.3d 876, 885 (5th Cir. 2001); 11 U.S.C. §544(a). Baybridge holds a mortgage that, as a matter of law, did not become recorded until after the Petition Date.

15. As a result, the question under Section 544 avoidance analysis is whether the trustee has rights superior to that of a creditor who held a mortgage that was not perfected until after the Petition Date. Under any of the three alternative bases for avoidance under Section 544(a)(1), (2) or (3), the Debtor is entitled to avoid the Baybridge mortgage.

16. The Debtor is first entitled to avoid the mortgage under Section 544(a)(1). That provision considers the relative rights of a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien. 11 USC §544(a)(1). Bankruptcy courts have held that such a creditor holding a judicial lien has rights superior to, and may avoid, a mortgage that was recorded subsequent to the petition date. *See In re All Star Mortgage Fin. Corp.*, 411 B.R. 774, 781 (Bankr. S.D. Fla. 2009) (avoiding mortgage that was invalidly recorded as of date petition was filed); *In re Terkeltaub*, 117 B.R. 47, 50 (Bankr. D. Conn. 1990) (avoiding mortgage which was not recorded until after the petition date). Consequently, the Debtor has rights superior to and may therefore

avoid Baybridge's lapsed mortgage under Louisiana law.

17. The Debtor may also avoid the Baybridge security interest as a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time. Such a creditor has rights superior to Baybridge's lapsed mortgage under Louisiana law. The Debtor therefore is entitled to avoidance under Section 544(a)(2).

18. The Debtor is further entitled to avoid the mortage under Section 544(a)(3) Under that provision, the Debtor is given the relative rights of a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case. 11 U.S.C. 544(a)(3). Bankruptcy courts have in that regard likewise held that a bona fide purchaser for value may avoid a mortgage which was not validly recorded on the petition date or which was not recorded until after the petition date. *See All Star Mortgage*, 411 B.R. at 781; *In re Sullivan*, 387 B.R. 353, 358 (B.A.P. 1st Cir. 2008); *In re Potter*, No. 07-70176, 2008 WL 619410, at *4 (Bankr. E.D. Ky. Mar. 5, 2008) (avoiding mortgage which was not recorded until after the petition date). Baybridge attempted to record its mortgage post-petition, which, as a matter of law, rendered the prior mortgage invalid. The Debtor has rights superior to and may avoid Baybridge's lapsed mortgage under Section 544(a)(3) and principles of Louisiana law.

19. The attempted post-petition re-recordation of Baybridge's mortgage did not cure the defect in its security interest for failure to timely re-record. Rather, it erased and nullified any argument that Baybridge may have had that its initial mortgage remained valid. This is because untimely recordation renders the initial recordation invalid as to third parties. La. C.C.

art. 3365; *F.D.I.C. v. McFarland*, 243 F.3d at 885. As a result, Section 544 of the Bankruptcy Code mandates that Baybridge's mortgage be avoided and, because its claim was only an *in rem*, nonrecourse claim in the first place, Baybridge holds no claim against the Debtor's estate.

WHERFORE, Plaintiff prays that summary judgment be entered in favor of Plaintiff avoiding any liens purportedly held by Baybridge, disallowing its claim, and for such other and further legal and equitable relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | */s/ Joseph P. Briggett*<br>STEWART F. PECK (#10403)<br>CHRISTOPHER T. CAPLINGER (#25357)<br>JOSEPH P. BRIGGETT (#33029)<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Email: speck@lawla.com; ccaplinger@lawla.com; jbriggett@lawla.com<br>*Attorneys for 800 Bourbon Street, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via the Court's CM/ECF System, this  1st  day of September, 2015.

  */s/ Joseph P. Briggett*