UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **800 BOURBON STREET, LLC** | **14-12770** |
| | SECTION A |
| DEBTOR | CHAPTER 11 |
| | |
| **800 BOURBON STREET, LLC** | ADVERSARY NO. |
| PLAINTIFF | **15-1052** |
| VERSUS | |
| **BAY BRIDGE BUILDING LIMITED COMPANY, LLC** | |
| DEFENDANT | |

## REASONS FOR DECISION

The Motion to Strike filed by Bay Bridge Building Limited Company, L.L.C. ("Bay Bridge")[1] and the Motion to Designate Issues for Trial filed by 800 Bourbon Street, L.L.C. ("800 Bourbon")[2] came before the Court on February 3, 2017. After the hearing, the motions were taken under advisement.

**I. Findings of Fact**

On July 15, 2015, Bay Bridge filed Proof of Claim no. 5 in 800 Bourbon's bankruptcy case. Bay Bridge claimed a debt of $1,979,886.47 secured by the building located at 800 Bourbon Street. Bay Bridge's claim is evidenced by four (4) promissory notes signed by Johnny Chisholm on behalf of 800 Bourbon ("Notes"). Bay Bridge also holds a collateral mortgage note dated April 21, 2005,

---

[1] P-111.

[2] P-116.

secured by a collateral mortgage ("Mortgage") on the property located at 800 Bourbon Street. The Mortgage was signed by Johnny Chisholm and Doyle Yeager. The Notes and Mortgage formed the basis for Bay Bridge's proof of claim in a 2008 bankruptcy previously filed by 800 Bourbon.

On July 21, 2015, 800 Bourbon filed the instant adversary proceeding objecting to Bay Bridge's proof of claim. The Original Complaint filed by 800 Bourbon against Bay Bridge included two (2) claims for relief: 1) Bay Bridge's lien should be avoided pursuant to 11 U.S.C. § 544; and 2) Bay Bridge's claim was unenforceable against 800 Bourbon because of a Plan of Reorganization confirmed by 800 Bourbon in 2009 ("2009 Plan").[3] 800 Bourbon reserved the right to amend the Complaint to assert other causes of action.

800 Bourbon subsequently filed an Amended Complaint adding two (2) additional causes of action : 1) Bay Bridge's lien should be avoided due to untimely reinscription; and 2) the attorney's fees claimed by Bay Bridge were unsubstantiated and excessive.[4] Again, 800 Bourbon reserved its right to further amend its Complaint. Bay Bridge subsequently waived its claim for attorney's

fees, so that claim became moot. An Answer was filed by Bay Bridge on August 21, 2015.[5] 800 Bourbon has not requested further amendment of the Complaint.

Pursuant to Local Rule 7016-1, once all answers have been filed in an adversary proceeding, the Court schedules a pretrial conference for the purpose of setting deadlines for discovery; the filing and consideration of dispositive motions; and a trial date. Prior to the pretrial conference, 800

---

[3] P-1.

[4] P-7.

[5] P-9.

Bourbon filed a Motion for Summary Judgment ("MSJ").[6] The MSJ asserted that Bay Bridge's lien was avoidable, as a matter of law, pursuant to 11 U.S.C. §544. 800 Bourbon prayed: "that summary judgment be entered in [its favor] avoiding any liens purportedly held by Bay Bridge, disallowing its claim, and for such other and further legal and equitable relief to which [it] may be justly entitled."[7]

Bay Bridge opposed the MSJ and filed a Cross Motion for Summary Judgment ("Cross Motion").[8] Bay Bridge sought judgment, as a matter of law, that it "had a valid, perfected lien on the property at 800 Bourbon Street on the filing date, and ... on the proceeds of the sale."[9] Bay Bridge further prayed that 800 Bourbon's Complaint be "dismissed, and the funds escrowed for Bay Bridge's claim released."[10]

Before hearing on the motions, a pretrial conference was held. 800 Bourbon represented that only limited discovery was required to address the issues presented by the MSJ and Cross Motion. It further asserted that full discovery would be a waste of time and money and requested a truncated discovery schedule. As a result, the Court barred any discovery pending hearing on the MSJ and Cross Motion with one exception. By agreement between the parties, Bay Bridge was ordered to provide to 800 Bourbon:

---

[6] P-10.

[7] P-10, p. 9.

[8] P-17.

[9] P-17, p. 16.

[10] *Id.*

3

> [D]ocuments showing to which account the funds loaned by Bay Bridge were initially transferred or deposited, a copy of the note, a copy of the guaranty, and a representation that Chisholm has not been released.[11]

After the response was delivered, the Court set a deadline of October 12, 2015, for 800 Bourbon to file a Motion to Conduct Discovery.[12]

On October 12, 2015, 800 Bourbon filed a Motion for Expedited Hearing on a Motion to Conduct Discovery.[13] The MSJ and Cross Motion were heard by this Court on October 14, 2015, and taken under advisement. On November 20, 2015, this Court entered a ruling granting the Cross Motion of Bay Bridge and denying the MSJ of 800 Bourbon ("Judgment").

800 Bourbon filed its first Motion for Reconsideration on December 4, 2015.[14] The Motion alleged that new evidence, not previously available to 800 Bourbon, had been discovered after the hearings on the MSJ and Cross Motion. Specifically, 800 Bourbon alleged that Chisholm, who is both the member that signed the Notes and Mortgage and a guarantor of the Bay Bridge debt, testified under oath that he and Bay Bridge had reached a settlement reducing the amounts due to $750,000.00.[15]

The Court granted the Motion for Reconsideration because (1) it had stayed any formal discovery pending the hearing on the MSJ and Cross Motion; (2) ordered the production of minimal

---

[11] P-18.

[12] *Id.*

[13] P- 21 and 22.

[14] P-31.

[15] The testimony occurred during the 11 U.S.C. §341(a) meeting of creditors for Chisholm, in his personal bankruptcy case pending in the U.S. Bankruptcy Court for the Northern District of Florida.

documentation based on the representations of Bay Bridge; and (3) 800 Bourbon filed a timely Motion for Discovery based on the insufficiency of the documentation produced. As a result, the portions of the Judgment purporting to render final judgment on the amount owed were vacated.

Pursuant to this ruling, the Court reserved for trial on the merits one issue: whether or not an alleged reduction, modification, or release of Chisholm was previously granted by Bay Bridge and affected the sums due to it by 800 Bourbon. The Order granting reconsideration was entered on January 12, 2016 ("First Reconsideration Order").[16]

Following this ruling, 800 Bourbon's attorneys withdrew as counsel because 800 Bourbon suggested that a malpractice action might be filed against them.[17]

On January 26, 2016, 800 Bourbon filed a Motion to Enroll New Counsel as well as a second Motion to Reconsider.[18] The second Motion to Reconsider alleged that Chisholm and Julian MacQueen, principal of Bay Bridge, conspired to commit fraud. This Court denied the second Motion to Reconsider on September 7, 2016,[19] finding "[t]hat new counsel has thought of a new legal theory is not grounds for reconsideration."[20]

Trial on the one issue reserved by the Court in the First Reconsideration Order is scheduled for February 23, 2017.

---

[16] P-42.

[17] P-44.

[18] P–49 and 52.

[19] P-96.

[20] P-95, p. 31.

Bay Bridge filed a Motion to Strike 800 Bourbon's expert witnesses ("Motion to Strike"), alleging that their proposed testimony goes beyond the scope of the issue reserved for trial.

800 Bourbon filed a Motion to Designate Issues for Trial ("Motion to Designate") seeking to present evidence on the following five (5) issues:

1. Whether the $110,000 and $90,000 loans are unsecured;

2. Whether Bay Bridge misapplied payments;

3. Whether late fees were incorrectly charged;

4. Whether Bay Bridge agreed by voting in favor of the 2009 Plan (a) that it was undersecured, (b) that it would release 800 Bourbon from personal liability; and (c) that it would have an *in rem* claim against 800 Bourbon's property but only to the extent secured, without any post-confirmation interest or fees;

5. Whether Bay Bridge agreed by voting in favor of the 2009 Plan that 800 Bourbon could later assert claims or defenses for fraudulent transfer or revocatory action.[21]

That Motion was set for hearing on February 3, 2017.

An initial hearing on the Motion to Strike was held on January 24, 2017, at which time the Court continued the matter for hearing on February 3, 2017, so that it could be considered concurrently with 800 Bourbon's Motion to Designate.

## II. Law and Analysis

Pending before the Court is reconsideration on one (1) issue: whether or not an alleged reduction, modification, or release of Chisholm was previously granted by Bay Bridge and affected the sums due to it by 800 Bourbon.

800 Bourbon's Motion to Designate the right to present evidence on five (5) additional issues. Because these issues are unarguably beyond the one (1) issue on which the Court granted

---

[21] P-118.

reconsideration, 800 Bourbon is essentially asking for relief from judgment pursuant to F.R.B.P. 9024, which makes F.R.C.P. 60 applicable to this proceeding.

On July 15, 2015, Bay Bridge filed Proof of Claim 5 (" Claim") in the secured amount of $1,979,886.47. The Claim is signed under penalty of perjury by Bay Bridge's counsel, Stephen Williamson. Attached to the Claim is:

    1. Spreadsheet showing amounts due on the $1,200,000 promissory note;

    2. Collateral Mortgage by 800 Bourbon dated April 21, 2005;

    3. Collateral Mortgage Note dated April 21, 2005;

    4. Promissory Notes:

        a) Note dated April 2005 in the amount of $1,200,000;

        b) Note dated May 31, 2005, in the amount of $200,000;

        c) Note dated May 10, 2006, in the amount of $110,000;

        d) Note dated May 31, 2006, in the amount of $90,000;

    5. Statement of total amount due;

    6. Letter from Julian MacQueen to Leo Congeni, 800 Bourbon's former counsel, dated May 20, 2009;

    7. Proposed order confirming the 2009 Plan.[22]

At confirmation, Bay Bridge agreed that it would waive payment of attorneys' fees totallying $329,981.08, effectively reducing the amount claimed to $1,649,905.39.

After confirmation and entry of Judgment, Bay Bridge stated in its Supplemental Memorandum in Opposition to 800 Bourbon's second Motion to Reconsider:

---

[22] This proposed order is different from the Order that was signed by the Court on July 13, 2009. Case 08-11322, P-208.

> Prior to the execution of the $300,000.00 check on July 18, 2005, the Debtor borrowed $200,000.00 from Bay Bridge on a fifteen day maturity and executed an *unsecured* promissory note in the amount of $200,000.00 on May 31, 2005,... The $200,000 loan was not secured by property of the Debtor or any other property.[23]

This revelation was significant because Bay Bridge previously maintained that its collateral secured this debt. Although Bay Bridge apparently knew that the $200,000 loan was unsecured, it did not amend its Claim.

Bay Bridge's principal, Julian MacQueen was deposed on December 21, 2016. In that deposition, he confirmed that the $200,000 loan was unsecured because it was for "operating expenses."[24] 800 Bourbon alleges this Note was repaid in priority to outstanding secured obligations in contravention of La. C.C. Art. 1868. Because Bay Bridge represented the $200,000 Note was secured and did not disclose its prior repayment until after Judgment, a potentially material misstatement under oath was contained its Claim that could affect the amount due. MacQueen also stated in his deposition that the $110,000 and $90,000 loans for operating expenses were unsecured although claimed as secured in its Claim.[25] MacQueen later recanted his testimony during the deposition regarding the $110,000 and $90,000 loans after speaking with Bay Bridge's counsel.[26]

F.R.C.P. 60(b)(6) provides for relief from judgment for any "reason that justifies relief." Bay Bridge's representations under oath after the Judgment conflict with its Claim also given under oath. The conflicting sworn statements by Bay Bridge raise material questions as to the validity of its

---

[23] P-69, "Bay Bridge's Memorandum in Response to Debtor's Supplemental Memorandum," p.7-8 (emphasis added). Exhibit C to the Memorandum shows that the $200,000 loan was paid in full.

[24] P-118, Exh. 2, p. 22-23.

[25] *Id.*

[26] *Id.* at p. 70-75.

Claim as well as its candor with the Court and 800 Bourbon. As a result, in the interest of justice, the Court will hear testimony at trial on the propriety regarding the application of payments on the $200,000 note and whether the $110,000 and $90,000 loans are secured.

800 Bourbon also seeks to present at trial evidence of 1) fraudulent transfer and Louisiana revocatory action; 2) the value of the collateral in 2009 to determine the extent of Bay Bridge's claim; and 3) application of late payments. These issues do not affect any alleged reduction, modification, or release of Chisholm. Unlike the conflict in sworn statements by Bay Bridge, these are new theories of recovery that are being raised by 800 Bourbon on the eve of trial that could have been raised and explored prior to Judgment but were not. "Rule 60(b) motions for reconsideration cannot be used to argue a new legal theory."[27] Therefore, no evidence as to these issues will be allowed at trial.

## III. Conclusion

The following issues are designated as issues for trial:

1) Whether or not an alleged reduction, modification, or release of Chisholm was previously granted by Bay Bridge and affected the sums due to it by 800 Bourbon;

2) Whether the $110,000 and $90,000 loans are secured;

3) The propriety of payment on an unsecured $200,000 note in preference to amounts due under secured obligations.

The Motion to Strike is granted insofar as expert testimony goes beyond the three (3) issues designated for trial. Thus, the testimony of Arthur L. Schwertz, MAI, as to the value of the collateral will not be allowed at trial. The testimony of Patrick J. Gros, CPA, will be allowed as to

---

[27] *Alajmi v. Methodist Hosp.*, 639 Fed.Appx. 1028, 1030 (5th Cir. 2016) (citations omitted).

the $200,000; $110,000; and $90,000 loans. However, Gros' testimony will not be allowed as to late fees or insolvency. A separate Order will be entered in accord with these Reasons. The Court will schedule a status conference to discuss trial deadlines.

New Orleans, Louisiana, February 16, 2017.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge